United States District Court
Northern District of California

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LAMONTE BREWER,

    Defendant.

Case No.: CR-13-00102-PJH (KAW)

DETENTION ORDER

## I. BACKGROUND INFORMATION

Defendant Lamonte Brewer is charged in an indictment with violations of 18 U.S.C. § 922(g)(1) (felon in possession of firearm and ammunition) and 18 U.S.C. § 924(d)(1) (forfeiture allegation). On February 27, 2013, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study. On March 1, 2013, the Court conducted a detention hearing. Defendant was present, in custody, and represented by Assistant Public Defender Ned Smock. Assistant United States Attorney Kevin Lin appeared on behalf of the Government. For the reasons stated below, the Court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to

rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The indictment charges that on or about June 27, 2012, Defendant, who had previously been convicted of a felony, possessed a Smith & Wesson model 39-2 9mm handgun and nine rounds of R-P ammunition.

**A. The Nature and Circumstances of the Offense and Weight of the Evidence**

The offense charged in this case is felon in possession of a firearm and ammunition. At the time of the arrest, Defendant was a passenger in a vehicle that was pulled over for having

expired registration tags.  The officers recognized Defendant as a parolee, pulled over the vehicle, patted him down, and found the firearm in his waistband.  The nature and circumstances of the offense weigh in favor of detention, as Defendant was allegedly carrying a firearm with nine rounds of ammunition, which indicates that he may be violent and pose a danger to the community.  While the weight of the evidence is the least important factor, it weighs in favor of detention, as the arresting officers apprehended Defendant with the firearm in his waistband.

### B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community

Defendant is 24 years old.  He has been incarcerated since November 19, 2012; prior to his incarceration, he lived with his girlfriend in Antioch, California.  Defendant has lived in the bay area for his entire life.  He has family in the area, including his grandparents, sister, and child.  He does not have a passport and has no history of international travel.  He has a limited employment history; he stated that he works "under the table" at his aunt's deli, and makes $200 a week.  He has an eleventh grade education.  He stated that he does not suffer from any physical or mental health conditions.

Defendant's criminal record, however, contains numerous indications that he poses a danger to the community.  As a juvenile in 2003, he was adjudicated guilty of misdemeanor battery on a school employee and second degree attempted robbery.  In 2004, he was convicted of battery with serious bodily injury.  In 2007, he was arrested for murder, and in 2008 he was arrested for murder again.  Charges against him were either not filed or were dismissed.  In 2009, he was convicted of felony assault with a firearm and was sentenced to four years in prison.  In 2011, he violated his parole three times, and was convicted of the felony of possessing/ purchasing cocaine base for sale.  A bench warrant was issued after he failed to appear in Court.  In 2012, he was charged with participating in a criminal street gang, violating his parole, and being a felon in possession of a firearm (the instant offense).  Defendant was on active parole at the time of the instant offense.

Defendant's grandparents, girlfriend, and sister appeared at the detention hearing and were willing to serve as sureties.

DETENTION ORDER
CR-13-00102-PJH (KAW)                                                                   3

Defendant's violent criminal history includes arrests for murder, assault, and battery, and a felony conviction for assault with a firearm. He has another felony conviction for the possession/ purchase of cocaine base for sale. The instant offense involves a firearm and was allegedly committed only a year after Defendant was released from prison. Defendant has no steady employment history. While Defendant has close family ties in this district, his long violent criminal history and multiple parole violations show that he is not amenable to supervision. As such, no conditions of release, such as electronic monitoring, home detention, and having Defendant's family members serve as custodians, would reasonably assure the safety of the community or his appearances.

### III.  CONCLUSION

In light of Defendant's criminal history, the nature of the instant offense, and the weight of the evidence, the Court finds that Defendant presents a danger to the community, and that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: March 4, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR-13-00102-PJH (KAW)                                      4